766 So.2d 1135 (2000)
Cherie WILSON-WATSON, Appellant,
v.
DAX ARTHRITIS CLINIC, INC., a Florida corporation, and Richard A. Saitta, M.D., Appellees.
No. 2D99-3521.
District Court of Appeal of Florida, Second District.
August 23, 2000.
Michael R.N. McDonnell and Jacqueline J. Buyze of McDonnell Trial Lawyers, Naples, for Appellant.
Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellees.
WHATLEY, Judge.
Cherie Wilson-Watson appeals the partial final summary judgment entered in favor of Dax Arthritis Clinic, Inc. and Richard A. Saitta, M.D. in her negligence action. We affirm.
Wilson-Watson was working as an emergency medical technician when she responded to a medical emergency at Dax Arthritis Clinic, which is operated and supervised by Richard Saitta. When she arrived, a Dax employee handed her a red contamination bag used to dispose of medical debris accumulated during the emergency. Some time later, Wilson-Watson's leg was punctured by a used, discarded hypodermic needle concealed inside the bag. The puncture broke the skin and caused bleeding. The needle was not tested for HIV contamination, but Wilson-Watson underwent multiple HIV tests over a two-year period, all of which produced negative results. She filed an action against Dax for negligence seeking to recover damages for fear of contracting AIDS. The trial court entered the partial final summary judgment in favor of Dax in response to its renewed motion for summary judgment.[1] The court found that there were no factual issues in dispute because, although Wilson-Watson had suffered the impact of the needle puncture, there was no evidence that she had suffered an injury in light of the fact that all of her HIV test results had been negative.
The trial court's findings are correct and are supported by the first appellate decision in this state to address the elements of a negligence cause of action for fear of contracting AIDS. In Coca-Cola Bottling Co. v. Hagan, 750 So.2d 83 (Fla. 5th DCA 1999), the Fifth District adopted the majority *1136 view and held that a "plaintiff's fear of contracting AIDS is unreasonable as a matter of law and not a legally compensable injury," id. at 91, unless she proves both that the virus was present and that her contact with it "was a medically and scientifically accepted channel for the transmission of the disease." Id. at 90. Although Wilson-Watson proved the latter, she did not prove the former. She admits that the needle that punctured her was never tested for the presence of HIV. Moreover, her HIV test results have been negative for two years.
Accordingly, we affirm the partial final summary judgment in favor of Dax.
BLUE, A.C.J., and DANAHY, PAUL W., (Senior) Judge, Concur.
NOTES
[1] Wilson-Watson's second amended complaint also included a count for intentional infliction of emotional distress. That claim was settled. The trial court entered a final judgment incorporating that settlement and disposing of the negligence claim by partial final summary judgment.